FILED
1/3/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
AK

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DIJON R. GRISSETTE )
Plaintiff )
) 21-cv-04606
)
THE CITY OF AURORA, OFFICER C. ) Honorable Judge Wood
WEBSTER, BADGE # 215, OFFICER C. HILTON) Honorable Magistrate Jantz Random
BADGE #223 )
Defendants )

**AMENDED COMPLAINT**

**NOW COMES** DIJON R. GRISSETTE (PRO SE) and complaining against Defendants and state as follows:

**NATURE OF THE ACTION**

1. This is an action brought by DIJON R. GRISSETTE (PLAINTIFF) seeking money damages against THE CITY OF AURORA, OFFICER C. WEBSTER, BADGE # 215,OFFICER C. HILTON, BADGE #223, for damages resulting from FALSE ARREST, 42 U.S.C. § 1983 (Count I); ILLEGAL DETENTION,42 U.S.C. § 1983 (Count II); DISCRIMINATION, (Count III); Failure to Prevent Civil Rights Violation, (Count IV) and, (Count V).

**PARTIES**

2. Plaintiff DIJON R. GRISSETTE is a citizen of the State of Illinois, and resident of the City of Aurora.

3. Defendant OFFICER C. WEBSTER is an Aurora Police Officer employed by the City of Aurora, and is an agent of the City of Aurora, who was, at all times material to this complaint acting within the scope of his employment and under the color of law. Defendant WEBSTER is being sued in his individual and official capacity.

4. Defendant OFFICER C. HILTON is an Aurora Police Officer employed by the City of Aurora, and is an agent of the City of Aurora, who was, at all times material to this complaint, acting within the scope of her employment and under the color of law. Defendant HILTON is being sued in her individual and official capacity.

5. The City of Aurora is a municipal corporation within the State of Illinois, and was, at all times material to this complaint, the employer of Defendant Police Officer WEBSTER and HILTON.

6. The City funds and operates various municipal entities including the Aurora Police Department ("APD").

7. The APD is an agency of the City of Aurora and the primary law enforcement agency in Aurora.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983, and 1988; 28 U.S.C. 1331 and 1323(3); and the Constitution of the United States, andsupplemental jurisdiction under U.S.C. Section 1367.

## FACTS

9. On September 3, 2019, at approximately 1905 hours, Defendant Officer WEBSTER was enroute to a pending call for service holding at Simms St./Fifth St.

10. Upon arriving to the scene, Defendant Officer WEBSTER observed Plaintiff, GRISSETTE and a female standing outside the residence.

11. Plaintiff GRISSETTE was not violating any laws or committing a crime by standing outside the residence.

12. Defendant, Officer WEBSTER approached Plaintiff, GRISSETTE in which Plaintiff GRISSETTE asked Defendant, Officer WEBSTER if his name was Weber.

13. Defendant, Officer WEBSTER sarcastically responded to Plaintiff GRISSETTE, and stated he was Officer WEBSTER.

14. Defendant, Officer WEBSTER asked Plaintiff GRISSETTE if he lived at the residence.

15. Plaintiff GRISSETTE asked the Defendant, Officer WEBSTER if there was a problem.

16. Defendant, Officer WEBSTER stated he was there to investigate a matter and demanded that Plaintiff GRISSETTE give him his name and demanded to know if he was a resident of the premises.

17. Defendant, Officer WEBSTER then asked a companion of Plaintiff GRISSETTE questions in which Plaintiff GRISSETTE informed her not to answer any questions as she was not committing any crime.

18. Defendant, Officer WEBSTER continually questioned Plaintiff GRISSETTE about his name and address without justification and merely to harass Plaintiff GRISSETTE.

19. Defendant Officer WEBSTER told GRISSETTE that he could not go back into the resident.

20. Once WEBSTER determined they were renters, he said he could have SWAT search the house because they had no privacy.

21. Officer WEBSTER then threatened GRISSETTE and female companion that he would contact the landlord and have GRISSETTE banned from the property since GRISSETTE

was confused about being a renter or owner and since GRISSETTE was conducting himself like an animal.

22. Officer WEBSTER demanded GRISSETTE to produce and ID since he was a renter and not an owner.

23. Defendant, Officer WEBSTER requested a second unit.

24. Defendant Officer HILTON arrived and Plaintiff GRISSETTE was placed under arrest for failing to provide the Defendant Officer WEBSTER and HILTON his name.

25. Plaintiff GRISSETTE was arrested without cause, provocation, or reason and charged with obstructing an officer for refusing to give his name or identification, a class c misdemeanor.

26. Plaintiff GRISSETTE had not committed a crime.

27. Plaintiff GRISSETTE was transported to the APD which he was held in lieu of bond with a return court date of September 24, 2019 and not allowed to leave until Plaintiff GRISSETTE posted bond.

28. Defendant Officer HILTON an officer of the APD observed Plaintiff GRISSETTE being harassed and arrested without cause.

29. Defendant Officer HILTON failed to do anything about the harassment that DefendantOfficer WEBSTER was directing at Plaintiff GRISSETTE.

30. On September 24, 2019, the charges were dropped against Plaintiff GRISSETTE.

**COUNT I- 42 U.S.C. SECTION 1983-FALSE ARREST**
**CITY OF AURORA & WEBSTER**

31. Plaintiff alleges and realleges paragraphs 1 through 30 as fully set forth herein.

32. The above acts of Defendant Aurora Police Officer WEBSTER were willfullyand wantonly done without probable cause and were a direct and proximate cause ofPlaintiff’s pain,

suffering and mental anguish, and therefore violated the Plaintiff's Fourth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE**, Plaintiff seeks $55,000 in actual or compensatory damages against Defendant Officer WEBSTER and because he acted maliciously, willfully and/or wantonly, Plaintiff demands $55,000 in punitive damages against Defendant Officer WEBSTER and all other such relief this Court deems equitable and just.

**COUNT II-42 U.S.C. SECTION 1983 ILLEGAL DETENTION**
**CITY OF AURORA & WEBSTER**

33. Plaintiff alleges and realleges paragraphs 1 through 32 as full set forth herein.

34. Defendant Officer WEBSTER unlawfully detained the Plaintiff in violation of the Fourth Amendment of the United States Constitution by not allowing GRISSETTE to enter his resident and keeping him detained for forty minutes without probable cause.

35. The above acts of Defendant Aurora Police Officer Webster were intentionally, willfully and wantonly done without probable cause and were a direct and proximate cause of Plaintiff's pain, suffering and mental anguish, and therefore violated the Plaintiff's Fourth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE**, Plaintiff seeks $55,000 in actual or compensatory damages against Defendant Aurora Police Officer Webster and because he acted intentionally, maliciously, willfully and/or wantonly, $55,000 in punitive damages against Defendant Webster plus costs, attorney's fees, and such other additional relief as this Court deems equitable and just.

**COUNT III- DISCRIMINATION 42 U.S.C. SECTION 1983**
**CITY OF AURORA & WEBSTER**

36. The Plaintiff alleges and realleges paragraphs 1 through 35 as though full set forth herein.

37. Defendant City of Aurora was the employer of Defendant Webster and Defendant Hilton who was at all times relevant to this complaint, acting within the scope of his employment and authority as a police officer.

38. Defendant Officer Webster discriminated against GRISSETTE because of his status as renter.

39. That had GRISSETTE been an owner, Officer WEBSTER would not have harassed, detained, and demanding GRISSETTE provide an ID.

40. Officer WEBSTER discriminated against GRISSETTE and threatened to call the landlord and have him banned from the property as a result of his status as a renter.

41. The acts alleged above committed by Defendant Officer Webster and Defendant Hilton were done maliciously, willfully, and wantonly, and said acts were the direct and proximate cause of the Plaintiff'sinjuries.

**WHEREFORE**, the Plaintiff demands judgment against Defendant City of Aurora in the amount of $50,000 in compensatory damages, plus costs, attorney fees, and other such additional relief as this Court deems equitable and just.

**COUNT IV- FAILURE TO PREVENT CIVIL RIGHTS VIOLATION**
**CITY OF AURORA & HILTON**

42. The Plaintiff alleges and realleges paragraphs 1 through 41 as though full set forth herein.

43. Plaintiff Grissette was arrested without probable cause and was"witnessed and encouraged by Defendant Officer Hilton.

45. Officer Defendant Officer Hilton had the opportunity and duty to prevent the violation of the Plaintiffs'civil rights by Officer Webster but failed to do so.

46. The acts alleged above committed by Defendant Officer Webster and Defendant Hilton were done maliciously, willfully, and wantonly, and said acts were the direct and proximate cause of the Plaintiff's injuries.

47. The acts alleged above committed by Defendant Officer Webster and Defendant Hilton were done maliciously, willfully, and wantonly, and said acts were the direct and proximate cause of the Plaintiff's injuries.

**WHEREFORE**, the Plaintiff demands judgment against Defendant Officer Hilton in the amount of $55,000 in compensatory damages, plus costs, attorney fees, and other such additional relief as this Court deems equitable and just.

**COUNT V- VIOLATION OF SECTION 6 OF ILLINOIS CONSTITUTION OFFICER WEBSTER**

48. The Plaintiff alleges and realleges paragraphs 1 through 47 as though full set forth herein.

49. Section 6 of the Illinois Constitution states "the people shall have the right to be secure in their persons, houses, papers and other possessions against unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means. No warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized."

50. Defendant Officer WEBSTER violated section 6 of the Illinois Constitution by conducting an unreasonable seizure in the person of GRISSETTE and the arrest.

51. Officer WEBSTER did not have probable cause to seize GRISSETTE and no warrant had been issued,

52. Plaintiff has unalienable rightswhich have been given to all humans by their creator, that among these are Life, Liberty, and the pursuit of happiness which governments are created to protect.

53. The Defendants violated the above rights which has caused the Plaintiff severe depression, fear, and worry.

**WHEREFORE**, the Plaintiff demands judgment against Defendant Officer Hilton in the amount of $55,000in compensatory damages, plus costs, attorney fees, and other such additional relief as this Court deems equitable and just.

**COUNT VI**
**(INDEMNIFICATION CLAIM PURSUANT TO 745 ILCS 10/9-102)**

54. The Plaintiff alleges and realleges paragraphs 1 through 53 as though full set forth herein.

55. The acts of the Defendant-Officers described in the above claims were willful, wanton, and committed in the scope of employment.

56. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF AURORA is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OFAURORA to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

Respectfully submitted,

By: /s/DIJON R. GRISSETTE

Dijon Grissette
2472 U.S. Highway 30 #B103101
Oswego, IL 60543
jayna0005@aim.com
630-518-5447